AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 29 2026

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 2:26-MJ-19 |
| Jose Bentura Ramirez | ) | |
|  | ) | |
|  | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2026__ in the county of __Potter__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(1), 924(a)(8) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas Newton, TFO, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirement of Fed. R. Crim. P. 4.1 by telephone this 29th day of January, 2026.

Date: 1/29/26

_____
*Judge's signature*

City and state: Amarillo, TX         Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:26-MJ-19

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Thomas Newton, being sworn, depose and state as follows:

1) I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA).

2) I am assigned to the DEA's Amarillo Resident Office (ARO). I was hired as a police officer with the Amarillo Police Department (APD) in June 2005. I was assigned to the Amarillo Police Department Narcotics unit from 2022 until my current assignment as a TFO with DEA's ARO. In connection with my duties and responsibilities as a Task Force Officer, I have received extensive training in narcotics trafficking investigations, including, but not limited to, conducting surveillance, smuggling, conducting undercover operations, packaging methods, utilizing confidential sources, and executing arrest and search warrants.

3. This affidavit is made in support of a complaint and arrest warrant for Jose Bentura Ramirez for violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), convicted felon in possession of a firearm  Pursuant to the Fifth Circuit Pattern Jury Instruction 2.43D, this offense has the following elements: (1) that the defendant knowingly possessed a firearm as charged; (2) that before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, (3) that when he possessed the firearm, the defendant knew he had been convicted in a court of a crime punishable by a term of imprisonment in excess of one year, and (4) that the firearm possessed traveled in interstate and foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country. I am familiar with the information contained in this affidavit based on my own personal investigation and conversations with other law enforcement officers involved in this investigation.

4. On January 28, 2026, the Amarillo Police Department (APD) observed a vehicle with defective equipment traveling on Georgia approaching SW 3rd Street in Amarillo, Texas. Officers made contact with the driver and identified him as Jose Bentura Ramirez. While speaking to Jose Bentura Ramirez, Officers observed a glass methamphetamine smoking pipe through the driver's window, sitting in plain view next to the driver's seat, in violation of Texas Health and Safety Code 481. Officers detained the driver and conducted a probable cause search of the interior of the vehicle.

6.  When officers removed the glass methamphetamine smoking pipe, what appeared to be the barrel of a handgun was next to it. Upon closer examination, the officers located a Heritage Rough Rider .22 revolver pistol with serial number Z97642. Officers retrieved the weapon and removed ammunition to make the firearm safe. Five .22 rounds were removed from the cylinder of the revolver. A search was conducted of the firearm in the National Crime Information Center database, and it was determined to be a firearm reported stolen in Woodward County, Oklahoma.

7.  While speaking with Jose Bentura Ramirez, he stated that he recently went to prison on the charge of kidnapping. The Affiant was contacted and was able to conduct a criminal history check, which located that Jose Bentura Ramirez has several convictions through the state of Texas including a felony conviction for the offense of kidnapping, a third-degree felony from the 320th District Court in Amarillo, Texas. Jose Bentura Ramirez was convicted and sentenced to 10 years confinement (suspended for 10 years) and 10 years of probation. His probation was revoked in 2011, and he was sentenced to four years confinement in the Texas Department of Criminal Justice.

7.  Jose Bentura Ramirez was transported to the Amarillo Police Department, and the Affiant conducted a *Mirandized* interview with Jose Bentura Ramirez. During the interview, Jose Bentura Ramirez stated that he was released from prison in 2012 and was off parole in 2014. This statement is consistent with his criminal history.

8.  The Affiant conducted an open-source search on the manufacturer of the weapon, and discovered that it was manufactured in Miami, Florida. This is confirmed by the stamp above the trigger guard, "Heritage MFG. Miami, FL." Since this firearm was not manufactured in Texas, interstate commerce was affected by Jose Bentura Ramirez. Specifically, some time before Jose Bentura Ramirez possessed the firearm in the Amarillo Division of the Northern District of Texas, it traveled in interstate commerce.

9.  The Affiant inspected the weapon and it does appear to fire. During the interview with Jose Bentura Ramirez, he said he has fired the weapon at least five times. Based on his interview, Jose Bentura Ramirez is aware that he is a convicted felon and cannot possess a firearm. Furthermore, based on the interview and the location of the firearm, Jose Bentura Ramirez knew that he possessed the firearm.

8.  After the termination of the interview, Jose Bentura Ramirez was transported to Randall County Detention Center and booked with a federal hold pending this complaint.

_____
Thomas Newton
DEA Task Force Officer

    Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

    Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 29th day of January, 2026.

_____
LEE ANN RENO
United States Magistrate Judge